**David H. THOMASON, Appellant,**

v.

**BOARD OF TRUSTEES, KENTUCKY JUDICIAL FORM RETIREMENT SYSTEM, Appellee.**

No. 1998–CA–002133–MR.

Court of Appeals of Kentucky.

Jan. 28, 2000.

Charles B. West, Henderson, KY, for Appellant.

Albert B. Chandler III, Attorney General of Kentucky, David S. Kaplan, J. Kirk Ogrosky, Assistant Attorneys General, Frankfort, KY, for Appellee.

BEFORE: JOHNSON, McANULTY and MILLER, Judges.

*OPINION*

McANULTY, Judge.

This appeal presents the sole issue of whether the trial court correctly determined that KRS 6.515 precludes a legislator, who left the General Assembly before the effective date of an amendment, from transferring service credit from the county retirement system to the Legislators' Retirement Plan ("LRP"). We are of the opinion that the trial court did not err in its interpretation and we therefore affirm.

Appellant David Thomason, ("Thomason"), is a former legislator, having served five years in the General Assembly during the 1980's. Prior to that, Thomason served as County Attorney of Henderson County for six years and one month. During those respective years of service, Thomason participated in both the LRP and the Kentucky Retirement System.

Thomason sought to avail himself of the opportunities presented by KRS 6.515(6) which provides, in pertinent part:

> A member who has qualified for benefits pursuant to KRS 6.525(1) may transfer to the Legislators' Retirement Plan up to ten (10) years of service credit which he has earned in a retirement system administered by Kentucky Retirement Systems.

KRS 6.525(1) states simply that "[f]ive (5) years of service as a legislator will be sufficient for vesting[.]" The LRP denied Thomason's request on the grounds that KRS 6.515 is not to be applied retroactively.

Thomason filed an action for declaration of rights against the Board of Trustees, Kentucky Judicial Form Retirement System, which manages the LRP. On cross motions for summary judgment, the Franklin Circuit Court concluded first that "retirement", for the purposes of the statutes occurs upon voluntary resignation or failure of reelection. KRS 21.345(1). The court next determined that it was unable to conclude from the statute that retired legislators are "members" of the LRP. Finally, the court decided that allowing a retired legislator to transfer service credit would effect a retroactive application of the law where none is intended.

On appeal, Thomason asserts that he is a member of the LRP and entitled to the rights conferred in KRS 6.515(6). He further states that allowing him to transfer service credit would not amount to a retroactive application of the law. Lastly, Thomason argues that the General Assembly intended to permit vested former legislators to transfer their service credits.

A review of the statutory scheme governing the LRP convinces us that the trial court did not err in granting summary judgment to defendant/appellee. The court correctly determined that the legislature has failed to define "member" within the context of the statutes. The Board of Trustees had previously interpreted "member" to indicate a "contributing participant." The trial court declined to specifically so find. Instead the decision hinged on the conclusion that to allow a retired legislator to transfer credit would amount to a retroactive application of KRS 6.515(6).

The General Assembly has mandated that "[n]o statute shall be construed to be retroactive, unless expressly so declared." KRS 446.080(3). The trial court correctly observed that KRS 6.515 fails to state that it should be retroactively applied. The trial court further opined that because the LRP calculates its liability at the time a legislator leaves office, or the time of his "final compensation" under KRS 21.400 and KRS 6.505, the application of KRS 6.515 to retired legislators would necessitate a recomputation of the LRP's liability. Relying on language from *Benson's, Inc. v. Fields*, Ky., 941 S.W.2d 473 (1997), the trial court then concluded that allowing Thomason, and other similarly situated persons, to transfer service credit after they have retired would alter the LRP's liabilities after they have been computed, thus requiring an impermissible retroactive application of the law. We agree with the rationale of the trial court and are not persuaded by Thomason's arguments on appeal.

■ In order to dispel the notion that allowing him to transfer service credit would require a retroactive application of KRS 6.515(6), Thomason asserts that the provision in subsection 6 which requires him to pay the total difference between the amount of the funds transferred and the cost of the credit to the LRP means that any increase in benefits he would receive would be paid for by Thomason and not the plan. Therefore, he contends, he does not receive benefits from past considerations or at the expense of the LRP and the statute is not retroactively applied. We do not agree. Because Thomason retired nine years before the amendment permitting transfer of service credit became effective, any application to him is by its very definition retroactive, regardless of whether Thomason pays for the additional liability or not.

■ We therefore hold that KRS 6.515(6) does not permit retired legislators to transfer service credit to the LRP. Rather, the General Assembly intended for this statute to be used by legislators before they retire and cease to contribute to the plan.

The decision of the Franklin Circuit Court is affirmed.

ALL CONCUR.